**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

_____

FERNANDO HERRERA,

        Plaintiff,

v.                                                                        No. CIV 00-766 BB/DJS

THE COUNTY OF SANTA FE; THE
SANTA FE COUNTY DETENTION
CENTER; CORNELL CORRECTIONS,
INC.; RUDY ESTRADA, LAWRENCE
BARRERAS, WILFRED ROMERO,
JAMES COATS and DANIEL BOLTON,
individually and in their capacities as
employees of THE SANTA FE COUNTY
DETENTION CENTER and/or
CORNELL CORRECTIONS, INC.,

        Defendants.

**MEMORANDUM OPINION**

THIS MATTER comes before the Court for consideration of the issue of whether Plaintiff exhausted his administrative remedies before he filed this lawsuit. The Court raised this issue on its own motion, following the United States Supreme Court's decision in *Porter v. Nussle*, 534 U.S. 516 (2002). The *Porter* opinion held that the exhaustion-of-administrative-remedies requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, applies to excessive-force cases such as this one, in addition to other types of prison-condition lawsuits. This Court therefore required the parties to brief the following

issues: (1) whether, at the time of the main incident in question, November 10, 1998, there was an administrative grievance procedure available to Plaintiff under which he could protest the alleged actions of the detention center guards; and (2) if such a procedure was available, whether Plaintiff pursued his remedies under that procedure. The parties have submitted the required memoranda. Having considered those submissions and the applicable law, the Court will dismiss this case without prejudice, due to Plaintiff's failure to exhaust the available administrative remedies.

Defendants submitted exhibits[1] showing that there was a grievance procedure in effect at the time of the November 10, 1998 incident, and that Plaintiff did not file any grievance directed at that incident. Plaintiff does not contest this showing, and in fact admits that he was well aware of his grievance rights. Despite this admission and his failure to file a grievance following the November 10 incident, Plaintiff makes three arguments against dismissal: (1) he filed a grievance prior to the November 10 incident, and this should be considered sufficient to satisfy the PLRA's exhaustion requirement; (2) the grievance procedure was not actually available to him, because he was in the hospital after the

---

[1] These exhibits included a copy of every page of Plaintiff's file covering his incarceration at the Santa Fe County Detention Center. Submission of this voluminous, unmarked exhibit appears to be a violation of this District's local rules, which establish a 50-page limit on exhibits to briefs (absent agreement of the parties) and require the parties to highlight the relevant portions of each exhibit. D.N.M.L.R. 10.5, 10.6. Since the contents of the file serve only to show that Plaintiff did not file a grievance concerning the November 10, 1998 incident, an issue Plaintiff does not contest, there is no need to address this rule violation further. The Court does note that litigants should not rely on the Court to wade through over 250 pages of unmarked exhibits to determine whether they contain any relevant information. Parties who fail to follow the page limitation, and the requirement that exhibits be highlighted, do so at their peril.

November 10 incident and was then placed in segregation; and (3) the *Porter* decision should not apply to this case, because this case was already pending when *Porter* was decided. As discussed below, none of these arguments has merit.

Plaintiff maintains[2] that in December 1997 he filed a grievance complaining of abusive treatment by guards and of prolonged time spent in segregation. He was initially denied access to a grievance form and on January 5, 1998 was videotaped "protesting the faulty and defective grievance procedure." On October 20, 1998 Plaintiff claims he began the grievance process again, without a standard grievance form. He also filed a complaint in state district court, on or about November 7, 1998, entitled a "Petition for Redress on Grievance in Conditions of Confinement," which he characterizes as an extension of his 1997 grievance. Plaintiff contends that these attempts at filing grievances, directed at abusive actions by guards, should be considered sufficient to exhaust his administrative remedies as to the November 10 incident. The Court disagrees.

These prior grievances concerned actions taken either in late 1997 or January 1998, almost a year before the November 10 incident. They are not directed at the November 10 bean-bag shooting, and are not connected to it in any way. The prior grievances, directed at non-specific conduct such as extended placements in segregation and generalized abusive conduct by guards, are quite different and involve different facts than the specific incident

---

[2]Plaintiff's factual allegations are contained in a letter he wrote to his attorney. Although this letter was not notarized or signed under penalty of perjury, the Court will give Plaintiff the benefit of the doubt and consider the facts stated in the letter.

of November 10.  In other words, alleging that a guard overreacted during a violent altercation, which requires an examination of the facts surrounding that altercation and the necessity to use a certain level of force, is not the same as alleging in general that guards are being abusive.  Accordingly, a prior grievance which does not implicate the severe incident of November 10, 1998, cannot be considered sufficient to trigger an investigation into that incident that would allow the jail authorities to develop facts and address the problem that may have led to the incident.  These are two of the important purposes behind the exhaustion requirement of the PLRA.  *See Smith v. Zachary*, 255 F.3d 446, 451 (7th Cir. 2001).  Since these purposes were not served by the prior grievances, the Court holds these prior grievances do not constitute exhaustion of Plaintiff's administrative remedies as to the November 10, 1998 incident that is the basis for this lawsuit.

Plaintiff next maintains the grievance procedure was not actually available to him, due to his hospitalization and placement in segregation following the incident.  Plaintiff has failed to make a sufficient showing that he was unable to utilize the grievance process following the incident.  First, he has not informed the Court how long he was hospitalized.  Second, he has not explained why he would have been unable to file a grievance while he was in segregation, or how long he was segregated.  Third, he does not contend that he at any time attempted to file a grievance, following his release from the hospital or from segregation.  In order to be excused from the exhaustion requirement, it was incumbent on Plaintiff to show that he attempted to exercise his grievance rights as soon as he was able to, but was denied that opportunity by the authorities.  *See Days v. Johnson*, ___ F.3d ___, 2003

WL 369677 (5th Cir. 2003) (untimely filing of grievance due to injury suffered by prisoner will be excused only if untimely filing is due to the injury, and the grievance system rejects, due to the untimeliness, a subsequent attempt to file a grievance).  As noted above, Plaintiff made no such showing in this case, and the argument that the grievance procedure was not actually available to him will be rejected.

Plaintiff's final argument is his contention that the *Porter* decision should not be applied "retroactively" to his case, which was already pending before the *Porter* opinion was issued.  This argument is contrary to Supreme Court precedent, which states that a Supreme Court decision regarding federal law should be applied to all cases still pending when the decision is issued.  *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 90 (1993); *see also Dixon v. Goord*, 224 F.Supp.2d 739, 749 (S.D.N.Y. 2002) (applying *Porter* to prisoner lawsuit pending at the time *Porter* was decided, and citing *Harper*); *cf. Fisher v. Hedlund*, 2003 WL 463435 (9th Cir.) (unpublished) (citing *Harper*, and rejecting plaintiff's argument that *Porter* holding should not be applied to his case).  The exhaustion requirement established by *Porter* therefore applies to this case.

Based on the foregoing, the Court holds this case must be dismissed without prejudice, due to Plaintiff's failure to exhaust his available administrative remedies.

Dated this 25th day of March, 2003.

_____  
BRUCE D. BLACK  
United States District Judge

**ATTORNEYS**:

**For Plaintiff**:
Robert P. McNeill

**For Defendants**:
Michael S. Jahner